UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**QUENTIN ALONZO WILLIAMS, SR.**     **CIVIL ACTION**

**VERSUS**     **NO. 21-339-JWD-RLB**

**LOUISIANA DEPARTMENT OF EDUCATION**

**ORDER**

Before the Court is Plaintiff's Motion to Appoint Counsel. (R. Doc. 9).

This is an employment discrimination action in which Quentin Alonzo Williams, Sr. ("Plaintiff") alleges claims for sexual harassment, discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") (specifically 42 U.S.C. § 2000e), the Americans with Disabilities Act, 42 U.S.C. §§ 12102 *et seq.* ("ADA") (specifically 42 U.S.C. §12203), and the Louisiana Employment Discrimination Law, La. R.S. 23:301 *et seq.* ("LEDL") (specifically La. R.S. 23:332). (R. Doc. 1-3).

The enforcement provision of Title VII provides that: "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." 42 U.S.C. § 2000e-5(f)(1). There is no absolute right to appointed counsel under Title VII. Rather, the decision to appoint counsel lies within the "considerable discretion" of the court. *Harris v. Sullivan*, 50 F.3d 1032, at *1 (5th Cir. 1995) (unpublished).

"Case law regarding the appointment of counsel under the ADA, especially in the Fifth Circuit, is sparse." *Mapes v. Texas*, No. 18-00170, 2018 WL 9786073, at *2 (W.D. Tex. Oct. 1, 2018). "However, other courts utilize the same analysis for appointment of counsel requests in

ADA cases as in Title VII cases." *Id*. (citing *Filec v. Chicago Transit Authority*, 156 F.R.D. 166, 167-68 (N.D. Ill. 1994)). "The ADA incorporates several provisions of Title VII, thereby affording courts discretion to appoint counsel." *Id*. (citing 42 U.S.C. § 12117) (incorporating the "powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8 and 2000e-9 of this Title [42]").

The court looks to the following factors to determine whether or not to appoint counsel:

(1) The merits of the plaintiff's claims of discrimination;
(2) The efforts taken by the plaintiff to obtain counsel; and
(3) The plaintiff's financial ability to retain counsel.

*Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990); *see also Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984); *Blackman v. Global Indus. Offshore, L.L.C.*, 228 Fed. App'x 410, 411 (5th Cir. 2007). Several courts also consider a plaintiff's ability, under the circumstances, to present the case without the assistance of counsel. *See*, *e.g.*, *Poindexter v. F.B.I.*, 737 F.2d 1173, 1189 (D.C. Cir. 1984) (recognizing "the plaintiff's background and demonstrated skills suggest that appointment of counsel is unnecessary"). While these factors must all be considered, "[n]o single factor is conclusive." *Gonzales*, 907 F.2d at 580.

In determining whether the merits of Plaintiff's claims of discrimination weigh in favor of appointment of counsel, courts have looked to the U.S. Equal Employment Opportunity Commission's ("EEOC's") (or state agency's, where appropriate) determination to assist in considering whether a plaintiff's claim is reasonable. *Poindexter*, 737 F.2d at 1187-88. Here, Plaintiff alleges that he received a Right to Sue letter from the EEOC dated January 3, 2020. (R. Doc. 1-3 at 6). It is unclear, however, what determinations were made by the EEOC as this document is not in the record. It is also unclear what basis Plaintiff is raising a claim under the ADA given that Plaintiff has not alleged a disability. This factor is neutral at best.

Plaintiff was previously represented by counsel. The record indicates that he has represented that he fired his prior counsel and that counsel was "formally dismissed." (R. Doc. 3). In short, plaintiff has fired his attorney and now seeks relief because he does not have an attorney. Plaintiff has not established that he has made a reasonably diligent effort to secure counsel since his former counsel withdrew from this action. "A reasonably diligent attempt to secure counsel means, at a minimum, speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement." *Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 698 (E.D. Tex. 1999); *see also Smith v. Baton Rouge Radiology Group*, No. 12-400, 2013 WL 3246142, at *2 (M.D. La. June 24, 2013) (plaintiff failed to make diligent effort to obtain counsel where she contacted several attorneys, but failed to "state whether or not she had inquired about the possibility of a contingency fee agreement with any attorney"). This factor weighs in favor of denying the appointment of counsel.

Finally, Plaintiff's financial ability to retain counsel is neutral. Plaintiff represents that he is unemployed and was last paid on July 31, 2021. (R. Doc. 9 at 1). Plaintiff does not, however, make any further representations about his assets and liabilities. Given that Plaintiff has not sought to obtain counsel, it is unclear whether any counsel would represent Plaintiff on a contingency or pro bono basis. Indeed, at least one attorney has already agreed to represent Plaintiff previously.

Having considered the appropriate factors, the Court will deny Plaintiff's motion to appoint counsel.

The Court is aware that Plaintiff is not an attorney, and to the extent Plaintiff asserts that she has a limited knowledge of the law, this is true of nearly every pro se litigant. For that reason, the Court advises Plaintiff that, as a pro se litigant, she will not be held to the same

3

standards as a practicing attorney. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (finding allegations in a pro se complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers"); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a pro se plaintiff's] allegations and briefs more permissively") (citing *McCabe v. Arave*, 827 F.2d 634, 640 n.6 (9th Cir. 1987) ("courts are to make reasonable allowances for pro se litigants and to read pro se papers liberally")).

This Court is liberal in reviewing pro se pleadings and motions, giving pro se plaintiffs ample opportunity to amend if necessary, and granting generous extensions of time to comply with orders. Consequently, the Court's liberal construction of pro se pleadings and motions, together with Plaintiff's apparent ability to litigate this action pro se, convinces the Court that the appointment of counsel is not necessary at this time.

For the reasons given above,

**IT IS ORDERED** that Plaintiff's Motion to Appoint Counsel (R. Doc. 9) is **DENIED**. The Court will set a scheduling conference by separate order.

Signed in Baton Rouge, Louisiana, on August 23, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**