UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**QUENTIN ALONZO WILLIAMS, SR.**　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　**NO. 21-339-JWD-RLB**

**LOUISIANA DEPARTMENT OF EDUCATION**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 11, 2022.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **QUENTIN ALONZO WILLIAMS, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-339-JWD-RLB** |
| **LOUISIANA DEPARTMENT OF EDUCATION** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant, Louisiana Department of Education's ("LDOE"), Motion to Dismiss (R. Doc. 20).

Also before the Court is Plaintiff, Quentin Alonzo Williams, Sr.'s ("Plaintiff"), Motion for Leave to File Amended Supplemental Complaint (R. Doc. 25) and Motion to Sever and Remand State Law Claims (R. Doc. 29). All motions are opposed.

**I.    Factual Background**

Plaintiff initiated his first action in this Court against Louisiana School for the Deaf ("LSD") on January 10, 2020, asserting a claim under Title VII of the Civil Rights Act of 1964. (R. Doc. 1 at 1; see also 20-cv-24-BAJ-RLB, R. Doc. 1). Upon stipulation of the parties, the action was dismissed without prejudice on October 19, 2020. (20-cv-24-BAJ-RLB, R. Doc. 28). Plaintiff immediately initiated the instant action on the same day by filing a Petition for Damages (For Employment Retaliation) ("Petition") in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana against LDOE. (R. Doc. 1-4 at 1). On May 14, 2021, Plaintiff filed an Amended Petition for Damages ("Amended Petition"), wherein he added Marcia Speed ("Speed") as a defendant.[1] (R. Doc. 1-4 at 31-38). Plaintiff's Amended Petition

---

[1] The Motion to Dismiss is filed only on behalf of LDOE, as Speed has not been served in the matter. (R. Doc. 20 at 1).

2

further asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.*

Plaintiff alleges that that he began working at LSD as a part-time welding instructor in October 2017. (R. Doc. 1-4 at 47-54). In the Spring of 2019, Speed, an "Academic Officer" at LSD, made efforts to advance her relationship with Plaintiff. (R. Doc. 1-4 at 1). Particularly, Plaintiff alleges that Speed "came on" to him by complimenting the manner of his dress, stating that she was displeased with her significant other, and suggested that "she was in a position of authority to increase his pay." (R. Doc. 1-4 at 32). Speed also invited Plaintiff to her home to "fix her deck," and began showing up at his welding shop daily. (R. Doc. 1-4 at 32). After denying Speed's advances, Speed began to act passively aggressive towards Plaintiff and "began a course of harassment towards him." (R. Doc. 1-4 at 33). In one instance, Plaintiff received Speed's prior approval to take three students to an annual welding competition, but Speed, "spitefully and with no valid reason," revoked her prior approval and forbade Plaintiff and the students from attending the competition. (R. Doc. 1-4 at 33).

Plaintiff submitted an informal complaint for harassment to LSD, and a meeting regarding Plaintiff's complaint was held on May 9, 2019. (R. Doc. 1-4 at 2). During the meeting, Plaintiff explained that he "could no longer work under the stressful conditions that existed with" Speed. (R. Doc. 1-4 at 2). On May 14, 2019, Plaintiff was advised that he needed to submit a written resignation if he intended to resign. (R. Doc. 1-4 at 2). Plaintiff, however, did not submit a written resignation, as he no longer wished to resign. (R. Doc. 1-4 at 2). Nevertheless, his employment was terminated on May 24, 2019, on the grounds that he had resigned. (R. Doc. 1-4 at 2).

Prior to Plaintiff's termination, Plaintiff received a request from the Human Resources Director on May 13, 2019, to apply for a full-time welding instructor position at LSD. (R. Doc. 1-4 at 2). After Plaintiff's termination, he was asked to interview for the full-time position. (R. Doc. 1-4 at 3). Plaintiff believed that the request was LSD's attempt to "rectify the incident" with Speed. (R. Doc. 1-4 at 3). Accordingly, Plaintiff attended an interview for the full-time welding position in August 2019. (R. Doc. 1-4 at 3). Present at the interview was Speed, Speed's immediate supervisor, and another person whom Plaintiff believes was hired by Speed. (R. Doc. 1-4 at 3). Ultimately, Plaintiff was not hired for the position.

On October 1, 2019, Plaintiff filed a "Charge of Discrimination to the Louisiana Commission on Human Rights against the" LSD in which he alleged that he was deprived of the full-time welding instructor position in retaliation for filing a harassment claim against Speed. (R. Doc. 1-4 at 3). The U.S. Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue to Plaintiff on January 3, 2020. (R. Doc. 1-4 at 3). The date that Plaintiff received the letter is undetermined, which, according to Plaintiff "suspend[s] the running of prescription for well over three (3) months." (R. Doc. 1-4 at 3).

## II.  Procedural Background

On June 10, 2021, LDOE removed the action to this Court alleging that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1443. (R. Doc. 1).

On November 17, 2021, LDOE filed the instant Motion to Dismiss seeking dismissal of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (R. Doc. 20).

In its Motion to Dismiss, LDEO seeks dismissal of Plaintiff's purported Americans with Disability Act ("ADA") claim on jurisdiction grounds pursuant to Rule 12(b)(1) of the Federal

4

Rules of Civil Procedure. (*See* R. Doc. 20-1 at 5). Plaintiff admits, however, that he does not seek to bring a claim under the ADA and that his citations to same are typos. (R. Doc. 22 at 6). Instead, Plaintiff's federal law claim for retaliation falls solely under Title VII. The Court, therefore, will not address LDOE's argument regarding the ADA.

LDOE further asserts Plaintiff's remaining claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Particularly, LDOE asserts that Plaintiff's Title VII claims, employment discrimination claim sunder La. R.S. 23:301, *et seq.,* and the Louisiana Whistle Blower Statute or Louisiana Commission on Human Rights Acts claims should be dismissed because they are prescribed as a matter of law. (R. Doc. 20 at 2).

On December 21, 2021, Plaintiff filed his Motion for Leave to File Amended Supplemental Complaint to correct "glaring errors" that Plaintiff's counsel did not notice "until after the pleading was filed" and to "clarify the nature of this action." (R. Doc. 25 at 4).

LDOE opposes Plaintiff's Motion for Leave to File Amended Supplemental Complaint on the grounds that Plaintiff failed to file a memorandum in support in violation of Federal Rule of Civil Procedure Rule 15 and Local Rule 7(d).[2] LDOE further argues that Plaintiff's proposed amended complaint is prejudicial, will cause undue delay, is presented with dilatory motive, and would be futile. According to LDOE, Plaintiff seeks amendment every time LDOE files a dispositive motion, which illustrates Plaintiff's dilatory motive. (R. Doc. 30 at 5-8). LDOE also contends that Plaintiff's characterization of the purpose of amendment is not accurate. Contrary to Plaintiff's contention that the amendments are "simply to clean up" embarrassing errors,

---

[2] LDOE's reliance on Local Rule 7(d) is misplaced. Rule 7(e) enumerates the motions that are not required to be accompanied by a memorandum. Included in the list are motions to amend pleadings and to file supplemental pleadings. Accordingly, Plaintiff was not required to file a memorandum in support of his Motion for Leave to File Amended Supplemental Complaint.

Plaintiff's proposed amended complaint contains wholly new allegations. (R. Doc. 30 at 8). Finally, LDOE argues that Plaintiff's amendments are futile because Plaintiff's Title VII claims were not filed within ninety days of Plaintiff's receipt of his Notice of Right to Sue Letter from the EEOC, which thereby makes Plaintiff's claims prescribed. (R. Doc. 30 at 10). Accordingly, no amendment would "overcome this hurdle." (R. Doc. 30 at 10).

On December 29, 2021, Plaintiff filed his First Motion to Sever and Remand Claims. In support of his motion, Plaintiff argues the Court lacks authority to adjudicate his state law claims. First, Plaintiff argues that the Eleventh Amendment precludes suit against LDOE, an agency of the state, under state law in federal court. (R. Doc. 29-1 at 3). Plaintiff further argues that the state law claims (1) raise novel or complex issues of state law, (2) will likely predominate over the federal law claims, and (3) there are compelling reasons for declining to exercise supplemental jurisdiction. (R. Doc. 29-1 at 6-8).

### III.    Motion to Dismiss by LDOE

#### A.    Legal Standards

When deciding a Rule 12(b)(6) motion to dismiss, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court may consider the Complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). The Court may also consider documents that a defendant attaches to its motion that

are referred to in the complaint and are central to the plaintiff's claims. *Causey v. Sewell Cadillac-Chevrolet, Ind.,* 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.,* 495 F.3d at 205.

The documents considered must show that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). When determining plausibility, the Court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly,* 550 U.S. at 557. Factual assertions are presumed to be true, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678.

### B. Discussion

#### 1. Federal Law Claims

Plaintiff's only federal claim is pursuant to Title VII of the Civil Rights Act of 1965. LDOE, however, argues that Plaintiff's Title VII claims are time barred because they were filed more than ninety days after Plaintiff's receipt of the Notice of Right to Sue letter. (R. Doc. 20-1 at 7). LDOE chiefly argues that a timely-filed Title VII claim, like Plaintiff first action filed in this Court, does not toll the ninety-day limitations period when that claim is later dismissed without prejudice. (R. Doc. 20-1 at 8) (citing *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188 (5th Cir. 1992); *Price v. Digital Equipment Corp.,* 846 F.2d 1026 (5th Cir. 1988)).

Title VII requires a plaintiff to exhaust all administrative remedies before pursuing an employment discrimination claim in federal court. *See Taylor v. Books A Million, Inc.,* 296 F.3d

376, 378-79 (5th Cir. 2002). "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Id.* (internal citations omitted). A plaintiff must file his civil suit within ninety days of receipt of a right-to-sue-letter. *See* 42 U.S.C. § 2000e-5(f)(1). The requirement to file suit within this ninety-day period is strictly construed. *See Taylor,* 296 F.3d at 379. The ninety-day period begins to run on the day that notice is received at the address supplied to the EEOC by the claimant. *Bowers v. Potter,* 113 Fed.Appx. 610, 612 (5th Cir. 2004). Claims filed after the ninety-day period should be dismissed. *Espinoza v. Missouri Pacific R. Co.,* 754 F.2d 1247 (5th Cir. 1985).When the date on which the right-to-sue-letter was received is unknown, it is presumed that the letter was received three days after the mailing date of the letter. *See Jenkins v. City of San Antonio,* 784 F.3d 263, 266-67 (5th Cir. 2015) ("We conclude that, where the date of receipt is not known, courts should apply a presumption that the plaintiff received the notice in three days.").

In the instant matter, the EEOC issued Plaintiff's right-to-sue letter on January 3, 2020. Plaintiff contends that the date on which he received his letter is unknown. The Court therefore presumes that Plaintiff received the right-to-sue letter on January 6, 2020. Accordingly, Plaintiff's ninety-day limitation period lapsed on or about April 5, 2020. The instant suit was filed well after that date.

Plaintiff timely filed his first Title VII action against LSD, however, on January 10, 2020.[3] (R. Doc. 1 at 1; see also 20-cv-24-BAJ-RLB, R. Doc. 1). Upon stipulation of the parties, the action was dismissed without prejudice on October 19, 2020. (20-cv-24-BAJ-RLB, R. Doc. 28). The Fifth Circuit has explained that "[i]f a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll

---

[3] An Amended Complaint was filed on January 13, 2022.

8

the ninety-day limitations period." *Berry,* 975 F.2d at 1191. "Therefore, even if a complaint is dismissed without prejudice, if the litigant will thereafter be time-barred from bringing his claim, we will treat the dismissal as one with prejudice." *N.A.A.C.P. v. Pearl River Valley Power,* 70 F.3d 1269 (5th Cir. 1995). Accordingly, absent an equitable reason for tolling the ninety-day limitations period, Plaintiff's Title VII claim must be dismissed. *See Espinoza v. Missouri Pacific R. Co.,* 754 F.2d 1247, 1250 (5th Cir. 1985) (explaining that the limitations period should be tolled only if the claimant, through no fault of his own, fails to receive the right-to sue-letter or for some other equitable reason).

In *Espinoza,* the Fifth Circuit recognized the following circumstances which might justify equitable tolling of the ninety-day period: (1) where notice from the EEOC does not adequately inform plaintiff of the requirement that suit be commenced within the statutory period; (2) where a motion for appointment of counsel is pending; (3) where the court itself has led plaintiff to believe that [he] has satisfied all statutory prerequisites to suit; and (4) where the defendant has, through affirmative misconduct, lulled the plaintiff into inaction; (5) where a suit is pending in state court; or (6) where the claimant is unaware of facts giving rise to Title VII claims. 754 F.2d at 1251.

Here, Plaintiff has not presented any equitable reason for tolling the ninety-day period or an explanation for the delay in receiving the notice. Plaintiff unconvincingly argues that the instant matter merely replaces his first Title VII suit against the LSD, and because the first lawsuit was timely filed, the instant matter is also timely. (R. Doc. 22 at 6). This argument, as explained above, is meritless and does not meet any of the circumstances that the Fifth Circuit recognizes for justifying equitable tolling. First, the instant lawsuit is not merely a replacement of Plaintiff's first lawsuit, as the first matter included entirely different parties—particularly

9

different defendants. Second, because the first matter was dismissed after the ninety-day limitations period lapsed, it is deemed to be dismissed with prejudice. *Reich v. Lundberg,* 82 F.3d 415 (5th Cir. 1996) ("A dismissal with prejudice merely means that the lawsuit is ended," and "further pursuit of the action is barred.") (Internal citations omitted). Accordingly, Plaintiff's Title VII claims are prescribed and must be dismissed.

### 2.    State Law Claims

Because the Court has dismissed all claims over which it exercised original jurisdiction, it must now determine whether it should continue to exercise supplemental jurisdiction over the remaining claims. The Court's analysis of whether to exercise supplemental jurisdiction and Plaintiff's Motion to Sever and Remand State Law Claims present overlapping issues. Therefore, the Court will address both in this section.

A district court may decline the exercise of supplemental jurisdiction over state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367(c).

In deciding whether to exercise supplemental jurisdiction, the court should consider judicial economy, convenience, fairness, and comity. *See Enochs v. Lampass Cty.,* 641 F.3d 155, 159 (5th Cir. 2011). Judicial economy favors remand: (1) when the district court has devoted "hardly any federal resources, let alone a significant amount of resources" to the state law claim at the time the federal law claims were dismissed, and (2) when neither party would be subjected to duplicative "research, discovery, briefing, or other trial preparation work, because little has been done at that point." *Id.* Convenience points to remand when "all of the parties, witnesses,

and evidence" are located within the jurisdiction of the same state court. *Id.* Likewise, it is fair to have purely Louisiana claims heard in a Louisiana state court, and there is nothing to suggest that any party would be prejudiced by remand. *Id.* at 160. Comity recognizes that federal courts are courts of limited jurisdiction and "are not as well equipped for determinations of state law as are state courts." *Id.*

Here, all the factors weigh in favor of remanding the remaining state law claims. First, minimum federal resources have been devoted to the matter. There is no scheduling order in place, no trial date has been set, and this case has not moved past the pleading stage. Second, neither party will be subjected to duplicative work, as no discovery has been completed in the matter. (*See* R. Doc. 15 at 14-15). With respect to convenience, all parties are citizens of Louisiana, and because the events surrounding the matter occurred in Louisiana, all witnesses and evidence are likely located in Louisiana. (*See* R. Doc. 1-4 at 1). Finally, for obvious reasons, fairness points to remand as the remaining claims are made pursuant to Louisiana law, and therefore, a Louisiana court is better equipped to adjudicate the matter.

For these reasons, it is appropriate for the Court to decline the exercise of supplemental jurisdiction over Plaintiff's state law claims and to remand same to state court. The Court, therefore, recommends that Plaintiff's Motion to Sever and Remand State Law Claims be granted to the extent it requested that the state law claims be remanded should the Court dismiss the federal law claims (*see* R. Doc. 29-1 at 2).

### IV.    Plaintiff's Motion for Leave to File Amended Supplemental Complaint

"Whether leave to amend should be granted is entrusted to the sound discretion of the district court…" *Pervasive Software Inc. v. Lexware GmbH & Co. KG,* 688 F.3d 214, 232 (5th Cir. 2012). Under Rule 15 of the Federal Rules of Civil Procedure, a district court must keep in mind that "[l]eave to amend pleadings shall be freely given when justice requires." *Whitmire v.*

11

*Victus Ltd.,* 212 F.3d 885, 889 (5th Cir. 2000). A district court should allow parties to amend their pleadings absent such factor as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, [or] futility of amendment, etc…" *Id.* (quoting *Foman v. Davis,* 371 U.S. 178 (1962)). Accordingly, the Court now evaluates whether any of the five *Foman* factors require denial of Plaintiff's Motion for Leave to Amend.

Plaintiff's proposed amended complaint largely recites the allegations contained in the original and Amended Petition. It does not present any new federal law claims over which the Court will have original jurisdiction pursuant 28 U.S.C. § 1331, and Plaintiff has not shown that grounds exist for the Court to exercise diversity jurisdiction pursuant to Section 1332. As noted above, Plaintiff's only federal law claim has prescribed as a matter of law. Such deficiency cannot be cured by amendment. Accordingly, Plaintiff "likewise fails to show how" he can "overcome the fatal deficiencies found by" the Court if he is allowed to amend the complaint. *Jones v. Southern University,* 834 Fed.Appx. 919 (5th Cir. 2020) (citing *Brewster v. Dretke,* 587 F.3d 764, 768 (5th Cir. 2009)). Plaintiff's Motion for Leave to File Amended Supplemental Complaint should therefore be denied as futile. To the extent Plaintiff desires to amend his state law claims, he can seek leave to do so in state court.

V. **Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss (R. Doc. 20) be **GRANTED IN PART**. Plaintiff's claims pursuant to Title VII of the Civil Rights Act of 1964 should be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Leave to File Amended Supplemental Complaint (R. Doc. 25) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Sever and Remand State Law Claims (R. Doc. 29) be **GRANTED** and Plaintiff's state law claims be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana.

Signed in Baton Rouge, Louisiana, on May 11, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**